1  KAMALA D. HARRIS
   Attorney General of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  KEVIN VIENNA
   Supervising Deputy Attorney General
5  DAVID DELGADO-RUCCI
   Deputy Attorney General
6  State Bar No. 149090
    110 West A Street, Suite 1100
7   San Diego, CA 92101
    P.O. Box 85266
8   San Diego, CA 92186-5266
    Telephone:  (619) 645-2223
9   Fax:  (619) 645-2191
    E-mail:  David.DelgadoRucci@doj.ca.gov
10 *Attorneys for Respondent*

11              IN THE UNITED STATES DISTRICT COURT

12             FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14

15

16 | **MICHAEL DAVID WILSON,** | 11cv0599 IEG (BLM) |
   |---|---|

                                    Petitioner,   **ANSWER TO PETITION FOR WRIT OF
17                                                 HABEAS CORPUS; MEMORANDUM OF
        v.                                         POINTS AND AUTHORITIES IN
18                                                 SUPPORT THEREOF**

19 **FRANK X. CHAVEZ, Warden, et. al.,**
                                                   Date:       June 22, 2011
20                                    Respondent.  Judge:      The Honorable Barbara L. Major

21

22

23

24

25

26

27

28

                                                                                    )

COMES NOW RESPONDENTS Frank X. Chavez, et. al., by and through counsel, Kamala D. Harris, Attorney General for the State of California, and David Delgado-Rucci, Deputy Attorney General, and files this Answer to the Petition for Writ of Habeas Corpus.

I.

Petitioner Michael David Wilson ("Wilson") is in the custody of Respondents after having entered into a plea agreement in San Diego County to theft of a vehicle with a prior conviction, California Penal Code § 666.5, and evading a police officer, California Vehicle Code § 2800.2(a). Wilson agreed to a prison term of nine years and four months.  He is currently serving his sentence at the Sierra Conservation Center.  The judgment and conviction arose in San Diego County Superior Court No. SCN241891.

II.

The current Petition for Writ of Habeas Corpus appears to be timely and exhausted.  The claims presented must be adjudged under the standards of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which requires deference to the decisions of the California courts.

III.

Wilson's sole claim, that trial counsel rendered ineffective assistance of counsel by failing to ensure that the original plea offer of six years was still available, is foreclosed because Wilson withdrew his motion to withdraw the plea, and he then negotiated a plea of nine years and four months.  Thus, this claim is barred under *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973).

IV.

The relevant facts and procedural history set forth in the accompanying Memorandum of Points and Authorities are incorporated herein by this reference.  Except as expressly admitted herein or in the Memorandum of Points and Authorities, Respondent denies that Wilson's confinement is in any way improper, or that any of his constitutional rights have been or are being violated in any way.

WHEREFORE, for the reasons set forth in this Answer, the Memorandum of Points and Authorities filed in support of this Answer and incorporated herein by this reference, and for such

1

1    other and further good cause as the Court may find, this Court should deny the Petition with

2    prejudice, deny all other relief, and deny a certificate of appealability.

3    Dated:  June 9, 2011                                    Respectfully Submitted,

4                                                            KAMALA D. HARRIS
                                                             Attorney General of California
5                                                            DANE R. GILLETTE
                                                             Chief Assistant Attorney General
6                                                            GARY W. SCHONS
                                                             Senior Assistant Attorney General
7                                                            KEVIN VIENNA
                                                             Supervising Deputy Attorney General
8

9

10                                                           *s/-David Delgado-Rucci*
                                                             DAVID DELGADO-RUCCI
                                                             Deputy Attorney General
11                                                           *Attorneys for Respondent*

     DDR:nh
12   SD2011701102
     80499221.doc
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                     2

1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE ANSWER
TO THE PETITION FOR WRIT OF HABEAS CORPUS**

2

3

**STATEMENT OF THE CASE**

4      Wilson did not appeal his case.  Therefore, there is no Clerk's Transcript or Reporter's

5  Transcript.  The facts are gathered from various sources.

6      On May 13, 2008, Wilson pled guilty to Counts 1-7 of the Information.  (Lodgment 1 at

7  15.)[1]  He admitted to two prison prior convictions and a strike prior conviction.  There were "no

8  deals."  (Lodgment 1 at 16-19.)  On June 10, 2008, there was a court trial on an additional prison

9  prior conviction allegation and strike prior conviction allegation.  (Lodgment 1 at 21.)  Both were

10  found true.  (Lodgment 1 at 21.)  Wilson was exposed to a potential life sentence.  At that time he

11  was represented by Public Defender Cassandra Kinchen.  (Lodgment 1 at 23.)

12      On July 30, 2008, Wilson moved to withdraw his plea, asserting that his attorney was

13  ineffective.  (Lodgment 1 at 24; Lodgment 3 at 1.)  The court appointed attorney Daniel Mitts to

14  represent Wilson in his motion to withdraw his plea.  (Lodgment 1 at 1.)  Mitts filed a motion to

15  withdraw the plea or to enforce the plea offer.  (Lodgment 4.)

16      On March 12, 2009, the parties reached a negotiated settlement.  Wilson was allowed to

17  withdraw his plea and enter into a plea to Count 1, California Vehicle Code § 19851(a), and

18  Count 4, California Vehicle Code § 2800.2(a), as well admit having a prior strike conviction a

19  conviction form Tennessee, California Penal Code § 667(b )-(i).  Wilson agreed to a stipulated

20  sentence of nine years and four months and was sentenced accordingly.  (Lodgment 1 at 30-35.)

21      Wilson did not appeal the matter.

22      Wilson filed a petition for writ of habeas corpus in the San Diego County Superior Court,

23  case HCN1131, claiming that his initial attorney, Kinchen, was ineffective in representing him in

24  the case because she should have entered a plea with a stipulated 6 year sentence which was

25  offered before all of Wilson's prior convictions were alleged.  He further claimed that the trial

26  / / /

27

28      [1] Page numbers are at the top center of the page.

3

1   court imposed an illegal enhancement out of Riverside that he was never arrested for.  (Lodgment

2   2.)

3        The trial court denied the petition, ruling that the issues could have been raised in a timely

4   appeal.  The court also ruled that habeas did not serve as a second appeal, citing *In re Dixon*, 41

5   Cal. 2d 756, 759, 264 P.2d 513 (1953) and *In re Waltreus*, 62 Cal. 2d 218, 397 P.2d 1001, 42 Cal.

6   Rptr. 9 (1965), and that Wilson did not meet any of the exceptions to this rule, citing *In re Harris*,

7   5 Cal. 4th 813, 855 P.2d 391, 21 Cal. Rptr. 2d 373 (1993).  (Lodgment 3 at 2.)

8        Additionally, the court rejected the claim of ineffective assistance of trial counsel.  First, the

9   prosecutor was not required to hold an earlier plea offer open.  Second the prosecutor could

10  amend a complaint to add a prior felony conviction even after a defendant entered into a guilty

11  plea.  Third, since Wilson entered into a new stipulated plea, he could not show that the results of

12  the proceedings would have been different if he entered into an earlier plea.  (Lodgment 3 at 2-3.)

13       Wilson filed a petition for writ of habeas corpus in the California Court of Appeal, Fourth

14  Appellate District, Division One, case number D058436.  (Lodgment 5.)  The court rejected the

15  petition because Wilson did not include copies of supporting evidence.  Partial or altered

16  evidence, which Wilson included, was insufficient.  Additionally, Wilson did not show that he

17  first filed a petition in the trial court.  (Lodgment 6.)

18       Wilson cured these defects and filed another petition for writ of habeas corpus in the

19  California Court of Appeal, Fourth Appellate District, Division One, case number D058562.

20  (Lodgment 7.)  The court denied the petition because the minute order dated March 12, 2009,

21  reflected Wilson voluntarily withdrew the motion to enforce the March 2008 plea offer because

22  he and the district attorney reached a negotiated settlement and agreed to set aside the May 13,

23  2008 plea.  Wilson failed to show that he had an enforceable plea agreement of six years in 2008,

24  and he later withdrew his claim to enforce that purported agreement.  Wilson was provided with

25  new counsel and entered a new plea.  He failed to show that but for any error or omission of his

26  first counsel, he would have achieved a better result.  (Lodgment 8.)

27       Wilson filed a petition for writ of habeas corpus in the California Supreme Court, case

28  number S189440.  (Lodgment 9.)  It was denied on February 16, 2011.  (Lodgment 10.)

4

1

## STATEMENT OF FACTS

2
The underlying facts are irrelevant to the claim and are omitted.

3
### I.    THE CLAIM IS BARRED IN FEDERAL HABEAS CORPUS

4
Wilson again claims he received ineffective assistance of trial counsel because his first trial

5
counsel should have entered a plea with a stipulated six year sentence which was offered before

6
all of Wilson's prior convictions were alleged.  (Pet. at 6.)  But Wilson later withdrew his motion

7
to withdraw his guilty plea and negotiated a new plea with a stipulated sentence of nine years and

8
four months.  This precludes any attack on matters occurring prior to the entry of the plea.

9
A guilty plea represents a break in the chain of events which has preceded it in the criminal

10
process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty

11
of the offense with which he is charged, he may not thereafter raise independent claims relating to

12
the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  A

13
defendant who pleads guilty to a criminal charge may not subsequently challenge pre-plea

14
constitutional violations in federal habeas proceedings.  *Tollett v. Henderson*, 411 U.S. 258, 267,

15
93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973).  A petitioner is generally limited to attacking the

16
voluntary and intelligent nature of the plea itself.  *Hill v. Lockhart*, 474 U.S. 52, 56-57, 106 S. Ct.

17
366, 88 L. Ed. 2d 203 (1985); *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir. 1997).  Several

18
exceptions to this rule have been recognized, including double jeopardy, *Menna v. New York*, 423

19
U.S. 61, 62, 96 S. Ct. 241, 46 L. Ed. 2d 195 (1975); vindictive prosecution, *Blackledge v. Perry*,

20
417 U.S. 21, 30, 94 S. Ct. 2098, 40 L. Ed. 2d 628 (1974), and the suppression of exculpatory,

21
material evidence.  *Sanchez v. United States*, 50 F.3d 1448, 1453 (9th Cir. 1995).  Since Wilson

22
entered into a new plea to a nine year and four month term, any claim of ineffective assistance of

23
his first trial counsel is barred.  Wilson's claim does not fit within any recognized exception.

24
Consequently, this Court should deny this claim.

25
/ / /

26
/ / /

27
/ / /

28
/ / /

5

1

**CONCLUSION**

2      For the reasons set forth in this Answer, the Memorandum of Points and Authorities filed in

3   support of this Answer and incorporated herein by this reference, and for such other and further

4   good cause as the Court may find, this Court should deny the Petition with prejudice, deny all

5   other relief, and deny a certificate of appealability.

6   Dated:  June 9, 2011                                    Respectfully Submitted,

7                                                           KAMALA D. HARRIS
                                                            Attorney General of California
8                                                           DANE R. GILLETTE
                                                            Chief Assistant Attorney General
9                                                           GARY W. SCHONS
                                                            Senior Assistant Attorney General
10                                                          KEVIN VIENNA
                                                            Supervising Deputy Attorney General
11

12                                                          *s/-David Delgado-Rucci*
13                                                          DAVID DELGADO-RUCCI
                                                            Deputy Attorney General
14                                                          *Attorneys for Respondent*

    DDR:nh
15  SD2011701102
    80499221.doc
16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name:   **Wilson v. Chavez**                    No.   **11cv0599 IEG (BLM)**

I hereby certify that on June 9, 2011, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users.  On June 9, 2011, I have mailed the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Michael David Wilson
F-22446
Mountain Home Conservation Camp #10
PO Box 647
Springville, CA 93265

PRO SE

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 9, 2011, at San Diego, California.

_____                    _____
             N. Hernandez                                             Signature
              Declarant

80513049.doc