# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID WILSON,<br><br>                    Petitioner,<br><br>vs.<br><br>FRANK X. CHAVEZ, Warden, et al.,<br><br>                    Respondents. | Civil No.   11cv0599-IEG (BLM)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |

This Report and Recommendation is submitted to Chief United States District Judge Irma E. Gonzalez pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

## I.
## FEDERAL PROCEEDINGS

Michael David Wilson (hereinafter "Petitioner"), is a state prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner was convicted, pursuant to a guilty plea negotiated by counsel appointed to replace his original counsel, of vehicle theft and evading a police officer with reckless driving, and was sentenced to nine years and four months in state prison. (Pet. at 1-2.) Petitioner claims his Sixth Amendment right to the effective assistance of

counsel was violated because his original trial counsel did not communicate Petitioner's acceptance of a plea offer of six years, thereby allowing it to expire, resulting in his serving an additional three years and four months in prison. (Id. at 6.)

Respondent has filed an Answer to the Petition along with an incorporated Memorandum of Points and Authorities in support thereof, and has lodged portions of the state court record. (Doc. Nos. 8-9.) Respondent contends that federal habeas relief is unavailable because the entry of Petitioner's negotiated guilty plea precludes any attack on matters occurring before the entry of the plea. (Answer at 5.) Petitioner has not filed a Traverse.

For the following reasons, the Court finds that Petitioner is not entitled to habeas relief. Accordingly, the Court **RECOMMENDS** the Petition be **DENIED**.

## II.

## STATE PROCEEDINGS

In a seven-count third amended information filed in the San Diego County Superior Court on April 24, 2008, Petitioner was charged with the unlawful taking and driving of a vehicle in violation of California Vehicle Code section 10851(a) (count one); buying, receiving, concealing, selling and withholding a stolen vehicle in violation of California Penal Code section 496(d) (count two); receiving stolen property in violation of California Penal Code section 496(a) (count three); evading an officer with reckless driving in violation of California Vehicle Code section 2800.2(a) (count four); driving in the opposite lane while evading a pursuing officer in violation of California Vehicle Code section 2800.4 (count five); resisting an officer in violation of California Penal Code section 148(a)(1) (count six); and giving false information to a peace officer in violation of California Penal Code section 148.9(a) (count seven). (Lodgment No. 1 at 1-3.) The amended information also alleged that Petitioner had nine prior felony convictions, four of which were serious or violent "strike" priors within the meaning of California's Three Strikes law. (Id. at 4-5.)

On May 13, 2008, Petitioner, represented by a public defender, entered an unconditional guilty plea as to all seven counts, and admitted two of the prior conviction allegations, including one "strike." (Id. at 15, 18.) A court trial on two additional prior conviction allegations was

held on June 10, 2008, and the trial judge found those prior conviction allegations to be true. (Id. at 21-23.)

On July 30, 2008, prior to sentencing, Petitioner brought a motion to substitute counsel. (Id. at 24.) New counsel was appointed for the purpose of bringing a motion to withdraw the guilty plea. (Id.) A motion to withdraw the plea was filed on October 1, 2008, which included a motion to enforce a six-year plea deal allegedly offered on the first court date. (Lodgment No. 4.) On March 12, 2009, before the motion was set to be heard, and after it had been continued several times, the parties reached a negotiated settlement in which Petitioner was allowed to withdraw his guilty plea to counts one and four, and withdraw his admission to one of the prior strike allegations. (Id. at 30-34.) He then withdrew his motion to enforce the six-year plea deal, and was immediately sentenced to nine years and eight months in state prison. (Id. at 34-35.) Because Petitioner did not file an appeal, his conviction became final for purposes of the one-year statute of limitations applicable to federal habeas petitions on May 11, 2009. See Roberts v. Marshall, 627 F.3d 768, 771 (9th Cir. 2010), pet. for cert. filed, No. 11-5243 (July 8, 2011).

On August 10, 2010, about three months after the one-year federal statute of limitations had expired, Petitioner filed a habeas petition in the superior court raising, *inter alia*, the claim presented in his federal Petition here. (Lodgment No. 2.) Although the Petition appears to be untimely, Respondent has waived the affirmative defense of statute of limitations by failing to raise it in the Answer. Morrison v. Mahoney, 399 F.3d 1042, 1046 (9th Cir. 2005); see Answer at 1 (stating that the Petition "appears to be timely").[1]

---

[1] The Court has discretion to raise the statute of limitations issue sua sponte. Day v. McDonough, 547 U.S. 198, 202, 205 (2006). Although Petitioner's first state habeas petition bears a filing stamp date of August 10, 2010, several months after the limitations period expired, it is dated May 6, 2010, several days before the limitations period was set to expire. (Lodgment No. 2 at 8.) Assuming Petitioner could establish that he handed his petition to the prison authorities for mailing to the court (thereby constructively filing it) on May 6, 2010, several months before it was file stamped, it appears he would be entitled to statutory tolling of the limitations period for the full round of his state habeas proceedings. Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Those proceedings ended on February 16, 2011, when the state supreme court denied his petition for review. (Lodgment No. 10.) At that time Petitioner appears to have had, at most, about five days left on the limitations period. He signed and mailed the instant federal Petition to this Court (thereby constructively filing it) on May 15, 2011, about a month later. (Doc. No. 1.) Thus, the Petition appears to be untimely. The Court recommends declining to exercise its discretion to address the statute of limitations issue sua sponte, however, because Petitioner would need to be given an opportunity to allege and develop facts regarding statutory and possibly equitable tolling. In addition,

Petitioner alleged in the state trial court habeas petition that his original trial counsel informed him at their first meeting that the Deputy District Attorney had offered a deal for six years, and Petitioner instructed counsel to accept the offer and arrange for sentencing that same day. (Lodgment No. 2 at 3.) Petitioner alleged that his counsel failed to inform the prosecutor of his acceptance, and mistakenly believed the offer would still be available at the next court date, but by that time it had expired. (Id.) Petitioner stated that he ended up "pleading to the sheet on her advice," thereby exposing himself to five twenty-five years to life sentences, and admitted a prior conviction for which he had not been convicted. (Id. at 4-5.)

The trial court denied the habeas petition. The court first noted that Petitioner could have filed a direct appeal raising his ineffective assistance claim, and "[c]ontentions which could have been raised on a timely appeal ordinarily cannot be reviewed in a petition for habeas corpus because habeas corpus ordinarily cannot serve as a second appeal. In re Dixon (1953) 41 Cal.2d 756, 759; In re Waltreus (1965) 62 Cal.2d 218." (Lodgment No. 2, In re Wilson, No. HCH 1131, Order at 2 (Cal.Sup.Ct. Oct. 6, 2010). The trial court found no applicable exception to that rule, and alternately held that Petitioner had not made a prima facie showing of specific facts which would entitle him to habeas relief. (Id. at 3.)

Petitioner filed a habeas petition in the state appellate court on October 26, 2010, raising the same ineffective assistance claim. (Lodgment No. 5.) The appellate court denied the petition without prejudice to refiling in the superior court because it was not supported by the necessary documents. (Lodgment No. 6.) Petitioner filed a corrected habeas petition in the appellate court on November 16, 2010. (Lodgment No. 7.) The appellate court denied that petition on the basis that Petitioner had failed to show he had an enforceable six-year plea agreement and had in any case withdrawn his motion to enforce that agreement, and had therefore failed to show that but for any error by his first counsel he would have achieved a better result. (Lodgment No. 8, In re Wilson, No. D058562, Order at 1 (Cal.App.Ct. Dec. 21, 2010).

---

Respondent's waiver of a relatively straightforward affirmative defense provides for the possibility that Respondent may be aware of facts supporting tolling which have not been provided to the Court, although the perfunctory one-page analysis in the Answer addressing the merits of a Petition which presents, as set forth in this Report, a relatively complex claim involving issues presently pending before the Supreme Court in two cases not cited in the Answer, rather suggests omission by Respondent.

Petitioner filed a petition for review of the appellate court's order in the California Supreme Court on January 3, 2011. (Lodgment No. 9.) The court denied the petition on February 16, 2011, in an order which stated in full: "The petition for review is denied." (Lodgment No. 10.)

## IV.

## PETITIONER'S CLAIM

The sole claim presented in the Petition alleges that Petitioner's Sixth Amendment right to the effective assistance of counsel was violated because his original public defender failed to communicate his acceptance of the original plea offer of six years, thereby resulting in his serving an additional three years and four months in prison. (Pet. at 6.)

## V.

## DISCUSSION

For the following reasons, the Court finds that Petitioner is not entitled to habeas relief. The Court therefore **RECOMMENDS** that the Petition be **DENIED**.

**A.  Standard of Review**

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C.A. § 2254(a) (West 2006) (emphasis added).

The Petition was filed after enactment of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. Under 28 U.S.C. § 2254(d), as amended by AEDPA:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West 2006).

A state court's decision may be "contrary to" clearly established Supreme Court precedent (1) "if the state court applies a rule that contradicts the governing law set forth in [the Court's] cases[]" or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision may involve an "unreasonable application" of clearly established federal law, "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. A decision may also involve an unreasonable application "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. . . . Rather, that application must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003) (internal quotation marks and citations omitted). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the United States Supreme] Court's decisions . . . ." Williams, 529 U.S. at 412. In order to satisfy § 2254(d)(2), a federal habeas petitioner must demonstrate that the factual findings upon which the state court's adjudication of his claims rest are objectively unreasonable. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

The Supreme Court has indicated that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. __, 131 S.Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).) "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's

1 ruling on the claim being presented in federal court was so lacking in justification that there was
2 an error well understood and comprehended in existing law beyond any possibility for
3 fairminded disagreement." Harrington, 131 S.Ct. at 786-87. The Supreme Court acknowledged
4 that "[i]f this standard is difficult to meet, that is because it was meant to be . . . [and] preserves
5 authority to issue the writ in cases where there is no possibility fairminded jurists could disagree
6 that the state court decision conflicts with this Court's precedents." Id. at 786.

**B.     Petitioner is Not Entitled to Habeas Relief.**

Petitioner contends that he was deprived of the effective assistance of counsel in violation of the Fourteenth Amendment because his trial counsel failed to communicate his acceptance of the original plea offer of six years. (Pet. at 6.) Specifically, he alleges that when he met his public defender for the first time, she told him the Deputy District Attorney had offered a plea deal of six years. (Id.) Petitioner told his counsel at that time that he wished to accept the offer, plead guilty, and be sentenced that same day. (Id.) Counsel told him that she was late for a lunch appointment but not to worry because the prosecutor had told her that the offer would still be open at the next court date. (Id.) Counsel also told him that she had spoken to the prosecutor about keeping the offer open in order to give Petitioner time to decide, even though Petitioner had already decided to accept the offer. (Id.) At the next court date the deal was no longer available, as it had expired, and Petitioner was advised by his counsel to enter an unconditional guilty plea which exposed him to five sentences of twenty-five years to life and ask the court for mercy, which he did. (Id.) Petitioner states that his counsel and the prosecutor "blame each other" for the mistaken belief that the plea offer remained open. (Id.) The prosecutor provided a declaration in the state court stating that she had no independent recollection of the case, but that it is her habit and custom to make a note in the file if she agrees to leave a plea offer open, and no such note was in the file. (Lodgment No. 9 at 3.) As set forth above, new counsel was appointed, who then filed a motion to enforce the original plea offer and withdraw the original plea, but withdrew that motion when the negotiated plea was entered.

Respondent argues that a guilty plea precludes an attack relating to the deprivation of constitutional rights preceding the entry of the plea, and that any attack is limited to the

voluntary and intelligent nature of the plea. (Ans. at 5.) Respondent acknowledges that several exceptions to that rule have been recognized, including challenges based on double jeopardy, vindictive prosecution, and suppression of evidence, but that no recognized exception applies here. (Id.)

### 1. State Court Adjudication

Petitioner presented his claim to the state supreme court in a petition for review. (Lodgment No. 9.) That court denied it without citation or a statement of reasoning. (Lodgment No. 10.) Because the California Supreme Court did not articulate its rationale for denying the claim, this Court applies the following rebuttable presumption: "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." Ylst v. Nunnemaker, 501 U.S. 797, 803-06 (1991).

The last reasoned opinion of the state court was provided by the appellate court in the order denying the habeas petition in which it was raised. The appellate court stated:

> The court's minute order dated March 12, 2009, reflects Wilson voluntarily withdrew the motion to enforce the March 2008 plea offer because he and the district attorney reached a negotiated settlement and agreed to set aside the May 13, 2008, plea. Wilson has not shown that he had an enforceable plea agreement of six years in 2008, and he later withdrew his claim to enforce that purported agreement. Wilson was provided with new counsel and entered a new plea. He has not shown that but for any error or omission of his first counsel, he would have achieved a better result.

(Lodgment No. 8, In re Wilson, No. D058562, Order at 1.) This holding is not an objectively unreasonable application of clearly established federal law for the reasons outlined below.

### 2.     Clearly Established Federal Law

For ineffective assistance of counsel to provide a basis for habeas relief, Petitioner must demonstrate two things. First, he must show that counsel's performance was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, he must show counsel's deficient performance prejudiced the defense. Id. This requires showing that counsel's errors were so serious they deprived

Petitioner "of a fair trial, a trial whose result is reliable." Id. To satisfy the prejudice prong, Petitioner need only demonstrate a reasonable probability that the result of the proceeding would have been different absent the error. Williams, 529 U.S. at 406; Strickland, 466 U.S. at 694. A reasonable probability in this context is "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Petitioner must establish both deficient performance and prejudice in order to establish ineffective assistance of counsel. Id. at 687.

"Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. __, 130 S.Ct. 1473, 1485 (2010). In the context of federal habeas review, "[t]he standards created by Strickland and section 2254(d) are both 'highly deferential.'" Harrington, 131 S.Ct. at 788. A Strickland claim "should be analyzed under the 'unreasonable application' prong of section 2254(d)." Weighall v. Middle, 215 F.3d 1058, 1062 (9th Cir. 2000).

The United States Supreme Court has held that a defendant is entitled to the effective assistance of counsel when entering a guilty plea. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985) (holding that the two-part Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel."); see also McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970) ("Since Gideon v. Wainwright, 372 U.S. 335 (1963), it has been clear that a defendant pleading guilty to a felony charge has a federal right to the assistance of counsel.") The Supreme Court has, however, limited attacks on a conviction entered as a result of a guilty plea to challenges to the voluntary and intelligent nature of the plea:

> We thus reaffirm the principles recognized in the Brady trilogy [Brady v. United States, 397 U.S. 742 (1970); McMann v. Richardson, 397 U.S. 759 (1970) and Parker v. North Carolina, 397 U.S. 790 (1970)]: a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.

Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also McMann, 397 U.S. at 771 (holding that if a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal cases.")

### 3. Analysis

Petitioner has not challenged the voluntary and intelligent nature of the negotiated plea under which he was convicted and sentenced. Rather, the record contains the change of plea form, which Petitioner signed and initialed, indicating he understood and waived his constitutional trial rights, admitted he was guilty of the charges, and admitted that the prior conviction allegations were true. (Lodgment No. 30-35.) In a state court motion to enforce the original six-year plea offer, Petitioner alleged that he received ineffective assistance of counsel because his original counsel failed to communicate his acceptance of the six-year deal, and that the prosecutor committed misconduct by reneging on the six-year plea deal. (Lodgment No. 4 at 2-3, 6.) That motion was withdrawn, however, when Petitioner entered the negotiated guilty plea, and Petitioner fails to allege that he was not fully informed regarding his chances of success on his motion to enforce the original plea agreement. (Lodgment No. 1 at 34.) Thus, Petitioner is presenting only a challenge to events which preceded his negotiated guilty plea, and is not contending that the negotiated plea itself was not voluntarily and intelligently entered. Accordingly, the clearly established federal law identified above, in particular Tollett and McMann, does not provide a basis for federal habeas relief.

Respondent correctly points out that the Supreme Court has recognized at least two exceptions to the Tollett rule, in Menna v. New York, 423 U.S 61 (1975) (double jeopardy), and Blackledge v. Perry, 417 U.S. 21 (1974) (retaliatory prosecution). (Ans. at 5.) It is clear, however, that neither exception applies here, and that the reasoning used by the Court to recognize those exceptions does not provide a basis for recognizing an exception here.

The Court in Blackledge found a fundamental distinction between a retaliatory prosecution claim and the Tollett case, stating that Tollett did not involve "the very power of the State to bring the defendant into court to answer the charge brought against him." Blackledge, 417 U.S. at 30 ("Unlike the defendant in Tollett, [petitioner] is not complaining of 'antecedent constitutional violations" or a "deprivation of constitutional rights that occurred prior to the entry of the guilty plea,' . . . Rather, the right that he asserts and that we today accept is the right not to be hailed into court at all.") Such a distinction does not exist here.

The Court in <u>Menna</u> also distinguished <u>Tollett</u> and the <u>Brady</u> trilogy upon which it relied, as well as <u>McMann</u>, observing that "[t]he point of these cases is that a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case." <u>Menna.</u> 423 U.S. at 63 n.2 (italics in original). The claim at issue in <u>Menna</u>, double jeopardy, was not waived by a guilty plea because, if established, "the State may not convict petitioner no matter how validly his factual guilt is established." <u>Id.</u> Even assuming Petitioner's factual guilt is not at issue here, Petitioner's claim, whether he should be provided the benefit of the original plea offer, does not implicate the State's ability to convict him. In addition to thus being distinguishable from <u>Blackledge</u> and <u>Menna</u>, this case does not present an exception to the <u>Tollett</u> rule for the following reasons.

At the time Petitioner entered the negotiated plea, a motion to enforce the six-year deal was pending in the trial court. (Lodgment No. 4.) In that motion, Petitioner alleged that he had been offered the deal for six years and had agreed to accept it, and the court would have accepted it, but was prevented from doing so by ineffective assistance of counsel and prosecutorial misconduct. (<u>Id.</u> at 2-3, 6.) The motion to enforce the six-year deal was withdrawn as part of the negotiated plea agreement. (Lodgment No. 1 at 34.) Petitioner was thus in the process of pressing the constitutional claim raised here when he voluntarily abandoned that process and entered the negotiated guilty plea, thereby preventing the trial court from fully developing the record and limiting the scope of this Court's review of his claim. An exception to <u>Tollett</u> should not be recognized where Petitioner's subsequent plea negotiated away his claim that he was deprived of a more favorable plea deal. <u>Tollett</u>, 411 U.S. at 267; <u>see also</u> <u>Puckett v. United States</u>, 556 U.S. 129, ___, 129 S.Ct. 1423, 1431 (2009) (holding that the rule requiring a defendant to impose an objection when entering a guilty plea in order to avoid waiver of the claim "means the defendant cannot 'game' the system, 'wait(ing) to see if the sentence later str(ikes) him as satisfactory, . . . and then seeking a second bite of the apple by raising the claim.'"), quoting <u>United States v. Vonn</u>, 535 U.S. 55, 73 (2002); <u>Menna</u>, 423 U.S. at 63 n.2 ("A guilty plea, therefore, simply renders irrelevant those constitutional violations . . . which do not stand in the way of conviction, if validly established.").

The Ninth Circuit has held, outside the context of AEDPA, that a defendant can establish constitutionally ineffective assistance where counsel failed to communicate the existence of a plea offer. See United States v. Blaylock, 20 F.3d 1458, 1465-66 (9th Cir. 1994) (holding that counsel's failure to communicate a plea offer to his client constituted unreasonable conduct under prevailing professional standards, and was therefore deficient), citing Strickland, 466 U.S. at 688 (stating that professional standards may provide guidance in determining whether counsel's performance was deficient.) In order to establish prejudice under that authority, Petitioner would need to show that had his counsel communicated his willingness to accept the original plea offer of six years, he would have been sentenced under that offer. Blaylock, 20 F.3d at 1466-67. Petitioner has made such allegations here and in the state court, but, as discussed below, he abandoned his efforts to develop the record in state court to prove those allegations when he withdrew his motion to enforce the original six-year deal. As a result, the record does not contain evidence regarding the likelihood of Petitioner being sentenced pursuant to the six-year deal. Also, although Ninth Circuit case law may be persuasive authority for determining what constitutes "clearly established federal law" in the AEDPA context, see Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000), only the holdings of the Supreme Court at the time of the relevant state court decision constitute such clearly established federal law. Williams, 529 U.S. at 412. Moreover, the issue of what remedy would be available remains contentious. See e.g. Blaylock, 20 F.3d at 1468-69 ("The government may of course, in proper cases, seek to demonstrate that intervening circumstances have so changed the factual premises of its original offer that, with just cause, it would have modified or withdrawn its offer prior to its expiration date."); see also People v. Rhoden, 75 Cal.App.4th 1346, 1353-55 (2001) (noting that California law permits a prosecutor to withdraw a plea offer anytime prior to entry of the plea provided there is no detrimental reliance by the defendant).

In Frye v. State, 311 S.W.3d 350, 354 (Mo.App.W.D. 2010), cert. granted by Missouri v. Frye, 131 S.Ct. 856 (Jan. 7, 2011), the defendant alleged that he was not told of an initial plea offer which would have permitted him to plead guilty to a misdemeanor charge, and his subsequent unconditional guilty plea to a felony charge was therefore the result of ineffective

assistance of counsel. <u>Frye</u>, 311 S.W.3d at 351. The <u>Frye</u> Court found deficient performance and prejudice under <u>Strickland</u> and <u>Hill</u>, but also found that it was not empowered to force the state to extend the expired offer to plea to a misdemeanor. <u>Id.</u> at 360-61. Because the petitioner in <u>Frye</u> was not informed of the plea offer until after he had entered his unconditional guilty plea and was serving his sentence, he was not fully informed when he entered his unconditional plea, and therefore fell within the <u>Tollett</u> involuntary plea exception and did not waive his ineffective assistance claim. <u>Frye</u>, 311 S.W.3d at 355; <u>see</u> <u>Tollett</u>, 411 U.S. at 266-67 (holding that if a defendant pleads guilty "[h]e may only attack the voluntary and intelligent character of the guilty plea by showing the advice he received from counsel was not within the standards set forth in <u>McMann</u>."). The United States Supreme Court has granted certiorari to review the holding in <u>Frye</u>, and has indicated that it would also address the issue: "What remedy, if any, should be provided for ineffective assistance of counsel during plea bargain negotiations if the defendant was later convicted and sentenced pursuant to constitutionally adequate procedures?" <u>Missouri v. Frye</u>, 131 S.Ct. 856; <u>see also</u> <u>Lafler v. Cooper</u>, 131 S.Ct. 856 (Jan. 7, 2011) (granting certiorari on the same question in a case where defense counsel was found to be deficient in advising defendant to reject a plea offer).

      The precise issue presented by Petitioner is slightly different than in <u>Frye</u>. Here, Petitioner was in the process of attempting to withdraw his unconditional guilty plea and enforce the six-year offer when he entered a new, negotiated guilty plea. He does not allege that he was not fully informed of his chances for success on his motion to enforce the six-year deal when he entered the new, negotiated plea. The Supreme Court in <u>Frye</u> and <u>Lafler</u>, in addressing the question regarding what remedy might be available for the denial of effective assistance of counsel in the plea bargain stage, might create a future avenue for relief for similarly-situated prisoners. However, the most likely remedy would be to give a prisoner exactly what Petitioner has already received and negotiated away--an opportunity to have new counsel appointed for the purposes of attempting to enforce the original six-year plea. <u>See</u> <u>Riggs v. Fairman</u>, 399 F.3d 1179, 1184-85 (9th Cir. 2005). Nevertheless, because the claim Petitioner raises has never been directly addressed by the United States Supreme Court, there does not currently appear to be any

"clearly established federal law" within the meaning of 28 U.S.C. § 2254(d) applicable to his claim. See Wright v. Van Patten, 552 U.S. 120, 125 (2008) (holding that a state court adjudication is not contrary to or an unreasonable application of clearly established federal law where no Supreme Court decision "squarely addresses the issue" or gives a "clear answer to the question presented."); Carey v. Musladin, 549 U.S. 70, 73-76 (2006) (holding that because the Supreme Court had never addressed the effect of the particular conduct at issue on a defendant's fair trial rights, it was "an open question in our jurisprudence" and there was no clearly established federal law on the issue). Accordingly, the denial of Petitioner's claim by the state appellate court did not involve an objectively unreasonable application of any clearly established federal law.

Assuming, *arguendo*, that Strickland articulates the "clearly established federal law" applicable to Petitioner's claim, and Tollett does not apply, the appellate court's application of that law was not objectively unreasonable. See e.g. Williams, 529 U.S. at 407 (holding that a state court decision may involve an "unreasonable application" of clearly established federal law, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.") Petitioner is required to demonstrate that the state court's determination that he was not prejudiced under Strickland was objectively unreasonable. As the state appellate court noted, Petitioner had failed to establish in the state court that he would have been sentenced under the six-year plea offer had his counsel communicated his willingness to accept the offer, and had abandoned any effort to enforce such an agreement when entering the negotiated plea. Petitioner is not entitled to an evidentiary hearing in this Court in order to attempt to establish whether there existed an enforceable six-year agreement, or whether there is a reasonable probability that the court would have sentenced him under that deal, because he abandoned his effort to develop the state court record when he withdrew his motion to enforce the six-year plea offer and entered the negotiated plea agreement. See Baja v. Ducharme, 187 F.3d 1075, 1079 (9th Cir. 1999) (holding that petitioner had failed to develop a factual basis for his claim in state proceedings because he had the

1  opportunity to come forward with affidavits and other evidence in support of his ineffective
2  assistance claim but failed to do so); see also Williams v. Taylor, 529 U.S. 420, 435 (2000)
3  (finding that diligence in developing the record in state court "depends upon whether the
4  prisoner made a reasonable attempt, in light of the information available at the time, to
5  investigate and pursue claims in state court.") (emphasis added).

6        As a result, evidentiary development of the record in this Court is subject to the
7  requirements of 28 U.S.C. § 2254(e)(2), which provides that where a federal habeas petitioner
8  has failed to develop the factual basis for his claim in the state court, this Court shall not hold
9  an evidentiary hearing unless Petitioner shows that the claim: (1) rests on a new rule of
10 constitutional law made retroactive to cases on collateral review by the Supreme Court, or (2) is
11 based on a factual predicate that could not have been previously discovered through the exercise
12 of due diligence and the facts underlying the claim would be sufficient to establish by clear and
13 convincing evidence that but for the constitutional error no reasonable factfinder would have
14 found Petitioner guilty of the underlying offense. Bragg v. Galaza, 242 F.3d 1082, 1089-90 (9th
15 Cir. 2001); 28 U.S.C. § 2254(e)(2).

16       Even assuming Petitioner diligently attempted to establish the facts supporting his claim
17 in the state court, or could satisfy one of the exceptions to 28 U.S.C. § 2254(e)(2), such facts
18 were never actually presented to the state court due to Petitioner's abandonment of his motion
19 to enforce the six-year plea offer. The state courts, therefore, did not have facts before them
20 demonstrating that the Strickland prejudice standard had been satisfied. This Court's review of
21 a state court adjudication under 28 U.S.C. § 2254(d)(1) "is limited to the record that was before
22 the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. ___, 131
23 S.Ct. 1388, 1398 (2011). As such, the state appellate court's rejection of the claim on the basis
24 that "[Petitioner] has not shown that but for any error or omission of his first counsel, he would
25 have achieved a better result," did not involve an unreasonable application of Strickland. See
26 Strickland, 466 U.S. at 694 (holding that prejudice requires showing a reasonable probability
27 that the outcome would be different); Harrington, 131 S.Ct. at 786-87 (holding that to establish
28 an unreasonable application of clearly established federal law "a state prisoner must show that

the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.")

Finally, assuming that the Deputy District Attorney's declaration stating that she would have made a notation in the file if the offer had remained open established that a six-year offer was in fact available at Petitioner's first court date, and further assuming that Petitioner could satisfy the provisions of 28 U.S.C. § 2254(d) without the necessity of expanding the record, he is still not entitled to habeas relief. Satisfying the conditions of 28 U.S.C. § 2254(d) is merely a condition of obtaining federal habeas relief, but does not provide a basis for granting relief. Fry v. Pliler, 551 U.S. 112, 119 (2007) (holding that section 2254(d) "sets forth a precondition to the grant of habeas relief . . ., not an entitlement to it.") Rather, Petitioner must still must establish that the alleged constitutional error provides a basis for federal habeas relief. As set forth above, in light of the fact that Petitioner abandoned his claim by entering the negotiated plea before the trial court had an opportunity to fully develop the record, Petitioner has waived his claim for ineffective assistance of counsel based on events which preceded the entry of his negotiated guilty plea. Tollett, 411 U.S. at 266-67; Puckett, 129 S.Ct. at 1431; Menna. 423 U.S. at 63 n.2. As discussed above, there is no basis to find an exception to that rule in Petitioner's case. The survey of relevant case law presented above supports that conclusion even if AEDPA deference did not apply and the Court were to address the claim under a *de novo* standard of review. See Hayes v. Brown, 399 F.3d 972, 978 (9th Cir. 2005) (en banc) (noting that pre-AEDPA habeas review provides that "state court judgments of conviction and sentence carry a presumption of finality and legality and may be set aside only when a state prisoner carries his burden of proving that [his] detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution.").

Even if the Supreme Court determines as a matter of first impression in Frye or Lafler that a claim such as Petitioner presents here can survive Tollett, or that there is a remedy available for this type of alleged ineffective assistance, such a new rule would be unlikely to apply to collateral attacks such as the one Petitioner presents here. Under Teague v. Lane, 489 U.S. 288

(1989), habeas relief is generally unavailable if it is based on a new rule announced after a petitioner's conviction and sentence became final. Id. at 310; Caspari v. Bohlen, 510 U.S. 383, 389 (1994). There are two exceptions to non-retroactivity: (1) "rules forbidding punishment of certain primary conduct or . . . rules prohibiting a certain category of punishment for a class of defendants because of their status or offense; and (2) "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Beard v. Banks, 542 U.S. 406, 416-17 (2004). It does not appear that either of these exceptions would apply to Petitioner's claim.

In sum, Petitioner has not satisfied the provisions of 28 U.S.C. § 2254(d), and is therefore not entitled to federal habeas relief, because the state court adjudication of his claim did not involve an unreasonable application of clearly established federal law. Even assuming Petitioner could make such a showing, he has waived any claim alleging ineffective assistance of counsel based on events arising before he entered the negotiated guilty plea, and has likely already received any relief to which he might be entitled. The Court therefore recommends habeas relief be **DENIED**.

## VI.

## CONCLUSION AND RECOMMENDATION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered denying the Petition.

**IT IS ORDERED** that no later than **September 14, 2011**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

/ / /
/ / /
/ / /
/ / /
/ / /

1   **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **October 5, 2011.** The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order. See <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED: August 24, 2011

*Barbara Major*

BARBARA L. MAJOR
United States Magistrate Judge

CC:        ALL PARTIES