# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID WILSON,<br><br>                         Petitioner,<br><br>vs.<br><br><br>FRANK X. CHAVEZ, Warden,<br><br>                        Respondent. | CASE NO. 11-CV-599 - IEG (BLM)<br><br>**ORDER:**<br><br>**(1) ADOPTING IN FULL REPORT AND RECOMMENDATION**<br><br>[Doc. No. 15]<br><br>**(2) DENYING PETITION FOR HABEAS CORPUS**<br><br>[Doc. No. 1.]<br><br>**(3) DENYING CERTIFICATE OF APPEALABILITY** |

Currently before the Court is Michael David Wilson ("Petitioner")'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("the Petition"). [Doc. No. 1.] Petitioner was convicted, pursuant to a guilty plea that was negotiated by counsel appointed to replace his original counsel, of vehicle theft and evading a police officer with reckless driving. [Id. at 2.] Petitioner was sentenced to nine years and four months in state prison. [Id. at 1.] Petitioner's sole claim in the Petition alleges a violation of his Sixth Amendment right to the effective assistance of counsel. [Id. at 6.] Petitioner alleges that he was offered a six-year plea deal at his first court appearance and informed his original counsel he wished to immediately accept the offer, but his counsel failed to communicate Petitioner's acceptance to the prosecutor, which caused the offer to

expire and resulted in Petitioner being sentenced to an additional three years and four months in prison. [Id.]

Respondent filed an answer to the Petition along with a memorandum of points and authorities. [Doc. Nos. 8-9.] In the answer, Respondent argues that federal habeas relief is unavailable to Petitioner because the entry of Petitioner's later negotiated guilty plea precludes any attack on matters occurring before the entry of that plea, including any events surrounding the earlier six-year plea offer. [Doc. No. 8 at 5.] Petitioner was granted leave to file a traverse on or before July 22, 2011, but failed to do so by that date.

The Court referred the matter to Magistrate Judge Barbara L. Major, who issued a Report and Recommendation concluding that habeas relief was not available to Petitioner because: (1) the state court's adjudication of Petitioner's claim did not involve an unreasonable application of clearly established federal law which precludes an attack on a conviction entered as a result of a guilty plea unless (aside from exceptions which do not apply here) the plea was not voluntary and intelligent; (2) even if Petitioner could make such a showing, he had waived any constitutional claim arising from the original plea deal by entering into the subsequent negotiated plea; and (3) Petitioner had already receive any relief to which he might be entitled because counsel had been appointed in state court to assist him in enforcing the original six-year offer. [Doc. No. 15.]

On September 26, 2011, Petitioner filed a motion for leave to file his untimely traverse, [Doc. No. 12], which the Court granted and remanded the issue back to the Magistrate Judge for the issuance of an Amended Report and Recommendation in light of the traverse. [Doc. No. 13.] The Magistrate Judge issued an Amended Report and Recommendation concluding again that habeas relief was not available to Petitioner and also concluding: (1) that Petitioner has attempted to raise a new claim in his traverse which is untimely, unexhausted or procedurally defaulted, and the Court should exercise its discretion to decline to address the new claim; and (2) that an evidentiary hearing is not warranted. [Doc. No. 15.] The Magistrate Judge recommended that the Petition be denied. [Id.] The time for filing objections to the Amended Report and Recommendation passed on November 14, 2011 without Petitioner filing any objections.

///

**DISCUSSION**

The Court reviews *de novo* those portions of the Amended Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." Id.

In this case, the time for filing objections to the Amended Report and Recommendation has passed and Petitioner has not to this date filed any objections. Accordingly, the Court may adopt the Amended Report and Recommendation on that basis alone. See id. Having reviewed the Petition, the Answer, the relevant portions of the state record lodged by Respondent, the Traverse, and the Amended Report and Recommendation, the Court hereby approves and **ADOPTS IN FULL** the Report and Recommendation. See 28 U.S.C. § 636(b)(1).

**CONCLUSION**

Having reviewed the Amended Report and Recommendation and there being no objections, the Court **ADOPTS IN FULL** the Amended Report and Recommendation and **DENIES** the Petition.

The Court also denies a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

**DATED:** December 15, 2011

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**