UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MICHAEL DAVID WILSON, | CASE NO. 11-CV-599 - IEG (BLM) |
|---|---|
| Petitioner, | **ORDER:** |
| vs. | **(1) ADOPTING IN PART REPORT AND RECOMMENDATION;** |
| | [Doc. No. 15] |
| FRANK X. CHAVEZ, Warden, | **(2) DENYING PETITION FOR HABEAS CORPUS; AND** |
| Respondent. | [Doc. No. 1] |
| | **(3) DENYING CERTIFICATE OF APPEALABILITY** |

Currently before the Court is Michael David Wilson ("Petitioner")'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("the Petition"). [Doc. No. 1.] Petitioner was convicted, pursuant to a guilty plea that was negotiated by counsel appointed to replace his original counsel, of vehicle theft and evading a police officer with reckless driving. [Id. at 2.] Petitioner was sentenced to nine years and four months in state prison. [Id. at 1.] Petitioner's sole claim in the Petition alleges a violation of his Sixth Amendment right to the effective assistance of counsel. [Id. at 6.] Petitioner alleges that he was offered a six-year plea deal at his first court appearance and informed his original counsel he wished to immediately accept the offer, but his counsel failed to communicate Petitioner's acceptance to the prosecutor, which caused the offer to

1 expire and resulted in Petitioner being sentenced to an additional three years and four months in
2 prison. [Id.]

3 Respondent filed an answer to the Petition along with a memorandum of points and
4 authorities. [Doc. Nos. 8-9.] In the answer, Respondent argues that federal habeas relief is
5 unavailable to Petitioner because the entry of Petitioner's later negotiated guilty plea precludes any
6 attack on matters occurring before the entry of that plea, including any events surrounding the
7 earlier six-year plea offer. [Doc. No. 8 at 5.] Petitioner was granted leave to file a traverse on or
8 before July 22, 2011, but failed to do so by that date.

9 The Court referred the matter to Magistrate Judge Barbara L. Major, who issued a Report
10 and Recommendation ("R & R") concluding that habeas relief was not available to Petitioner
11 because: (1) the state court's adjudication of Petitioner's claim did not involve an unreasonable
12 application of clearly established federal law which precludes an attack on a conviction entered as
13 a result of a guilty plea unless (aside from exceptions which do not apply here) the plea was not
14 voluntary and intelligent; (2) even if Petitioner could make such a showing, he had waived any
15 constitutional claim arising from the original plea deal by entering into the subsequent negotiated
16 plea; and (3) Petitioner had already received any relief to which he might be entitled because
17 counsel had been appointed in state court to assist him in enforcing the original six-year offer.
18 [Doc. No. 15.]

19 On September 26, 2011, Petitioner filed a motion for leave to file his untimely traverse,
20 [Doc. No. 12], which the Court granted and remanded the issue back to the Magistrate Judge for
21 the issuance of an Amended Report and Recommendation ("Amended R & R") in light of the
22 traverse. [Doc. No. 13.] The Magistrate Judge issued an Amended R & R concluding again that
23 habeas relief was not available to Petitioner and also concluding: (1) that Petitioner had attempted
24 to raise a new claim in his traverse which is untimely, unexhausted or procedurally defaulted, and
25 the Court should exercise its discretion to decline to address the new claim; and (2) that an
26 evidentiary hearing is not warranted. [Doc. No. 15.] The Magistrate Judge recommended that the
27 Petition be denied. [Id.] The time for filing objections to the Amended R & R passed on
28 November 14, 2011 without Petitioner filing any objections.

After Petitioner failed to object to the Amended R & R the Court issued an order adopting in full the Amended R & R and denying the Petition. [Doc. No. 16.] Shortly after, Petitioner filed a motion for an extension of time to file his objections to the Amended R & R. [Doc. No. 19.] Accordingly, the Court vacated its prior order adopting the Amended R & R and denying the petition, and the Court granted Petitioner's motion for an extension. [Doc. No. 20.] Petitioner filed his objections on February 6, 2012. [Doc. No. 22.] Petitioner objects to the Amended R & R on the four following grounds: (1) the Magistrate Judge erred in concluding that Tollett v. Henderson, 411 U.S. 258 (1973) precludes habeas corpus relief based upon Petitioner's plea of guilty; (2) the Magistrate Judge erred by finding that it could not hold an evidentiary hearings; (3) the Magistrate Judge erred by finding that his counsel's assistance was effective; and (4) the Magistrate Judge erred by determining that habeas relief was barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). [Id. at 1.]

Upon *de novo* review, the Court concludes that Petitioner is not entitled to habeas relief on his Sixth Amendment ineffective assistance of counsel claim. Accordingly, the Court **ADOPTS IN PART** the Amended R & R and **DENIES** the Petition.

## BACKGROUND

The Amended R & R contains a complete and accurate summary of the proceedings in this case, and the Court fully adopts the Magistrate Judge's detailed background. [See Doc. No. 15 at 3-6.] In sum, Petitioner alleges that he was offered a six-year plea deal at his first court appearance and informed his original counsel he wished to immediately accept the offer, but his counsel failed to communicate Petitioner's acceptance to the prosecutor. [Doc. No. 1 at 6.] On May 13, 2008, Petitioner, represented by his original counsel, entered an unconditional guilty plea as to all seven counts in the information and admitted to two prior conviction allegations. [Doc. No. 15 at 3.]

On July 30, 2008, prior to sentencing, Petitioner brought a motion to substitute counsel. [Id. at 4.] New counsel was appointed for the purpose of bringing a motion to withdraw the guilty plea. [Id.] Petitioner filed a motion to withdraw the plea on October 1, 2008, which included a motion to enforce a six-year plea deal that was allegedly offered on the first court date. [Id.] On

1 March 12, 2009, before the motion was heard, the parties reached a negotiated settlement in which
2 Petitioner was allowed to withdraw his guilty plea to counts one and four, and withdraw his
3 admission to one of the prior strike allegations. [Id.] Petitioner then withdrew his motion to
4 enforce the six-year plea deal, and was immediately sentenced to nine years and eight months in
5 state prison. [Id.]

## DISCUSSION

### I. Legal Standards

The Amended R & R sets forth the correct legal standards for reviewing federal habeas petitions. A federal court may grant a petition pursuant to Section 2254 only if the state court's adjudication of petitioner's claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 403, 412-13 (2000).

A state court's decision is "contrary to" clearly established federal law if the state court "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. On the other hand, a state court's decision is an "unreasonable application" if the state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The state court's decision has to be more than erroneous or incorrect; rather, the application of federal law must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003) (citations omitted).

"[C]learly established" federal law, as determined by the Supreme Court of the United States, "'refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision.'" Carey v. Musladin, 549 U.S. 70, 74 (2006) (quoting Williams, 529 U.S. at 412). However, Section 2254(d) "does not 'require state and federal courts to wait for some nearly identical factual pattern before a legal rule must be applied.'" Panetti v.

1 Quarterman, 551 U.S. 930, 953 (2007) (quoting Musladin, 549 U.S. at 81 (Kennedy, J., concurring in judgment)). Thus, habeas relief may be appropriate under the "unreasonable application" prong when a state court violates the legal principle established by a Supreme Court decision, as long as that legal principle is applicable to petitioner's claims without "tailoring or modification" of the standard. Moses v. Payne, 555 F.3d 742, 753-54 (9th Cir. 2009). Moreover, Ninth Circuit case law may be "persuasive authority for purposes of determining whether a particular state court decision is an 'unreasonable application' of Supreme Court law, and also may help [the Court] determine what law is 'clearly established.'" Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000) (citations omitted).

## II.     Petitioner's Sixth Amendment Claim

The Amended R & R concluded that Petitioner was not entitled to habeas relief on his Sixth Amendment ineffective assistance of counsel claim. [Doc. No. 15 at 8-10, 14-23.] Petitioner argues that the Magistrate Judge erred in concluding that Tollett v. Henderson, 411 U.S. 258 (1973), precludes his claim for habeas relief based on Petitioner's plea of guilty. [Doc. No. 22 at 1-2.] Although the Court agrees that the Magistrate Judge erred in concluding that Petitioner's Sixth Amendment claim was barred by Tollett, the Magistrate Judge correctly concluded that Petitioner was not entitled to habeas relief on this claim because the state court's conclusion that Petitioner failed to establish that he was prejudiced by his counsel's allegedly deficient performance did not involve an objectively unreasonable application of law.

### A.     Clearly Established Federal Law

For ineffective assistance of counsel to provide a basis for federal habeas relief, Petitioner must satisfy the two-part test from Strickland v. Washington, 466 U.S. 668, 687 (1984). First, Petitioner must show that his counsel's performance was deficient. Id. Second, Petitioner must show that counsel's deficient performance prejudiced the defense. Id. To satisfy the prejudice prong, Petitioner need only demonstrate a reasonable probability that the result of the proceeding would have been different absent the error. Williams, 529 U.S. at 406; Strickland, 466 U.S. at 694. A reasonable probability in this context is "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Petitioner must establish both deficient performance

and prejudice in order to establish ineffective assistance of counsel. Id. at 687.

"Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010). In the context of federal habeas review, "[t]he standards created by Strickland and section 2254(d) are both 'highly deferential.'" Harrington v. Richter, 131 S. Ct. 770, 788 (2011).

The Supreme Court has held that a defendant is entitled to the effective assistance of counsel when entering a guilty plea. See Hill v. Lockhart, 474 U.S. 52, 56-57 (1985) (holding that the two-part Strickland test "applies to guilty pleas based on ineffective assistance of counsel"). However, the Supreme Court has limited attacks on a conviction as a result of a guilty plea to challenges to the voluntary and intelligent nature of the plea. In Tollett, the Supreme Court explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea[.]

Tollet, 411 U.S. at 267; see also Hill v. Lockhart, 474 U.S. 52, 56-57 (1985) ("Where . . . a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. . . . [A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective].'" (quoting Tollett, 411 U.S. at 267) (internal quotation marks and citation omitted)).

**B.     Analysis**

Petitioner contends that his original counsel was ineffective because he failed to communicate Petitioner's acceptance of the original plea offer of six years. [Doc. No. 1 at 6.] After this allegedly occurred, Petitioner was appointed new counsel, filed a motion to withdraw his original guilty plea and a motion to enforce the six-year plea deal, and later entered into a new negotiated plea and withdrew the original plea and his motion to enforce the six-year plea deal. [Lodgement No. 1 at 21-24, 30-35; Lodgement No. 4.] The Magistrate Judge concluded that such

1  a challenge is barred by the rule announced in Tollett because by entering into the later negotiated
2  plea, Petitioner can only challenge the voluntary and intelligent nature of that plea, and not the
3  previous plea that was withdrawn.  [Doc. No. 15 at 16-17.]
4        After the Magistrate Judge issued the Amended R & R, the United States Supreme Court
5  issued its opinion in Missouri v. Frye, 2012 U.S. LEXIS 2321 (Mar. 21, 2012).  In Frye, the
6  Supreme Court held that "as a general rule, defense counsel has the duty to communicate formal
7  offers from the prosecution to accept a plea on terms and conditions that may be favorable to the
8  accused."  Id. at *20.  When defense counsel allows an offer to expire without advising the
9  defendant or allowing him to consider it, defense counsel does not render the effective assistance
10  the Constitution requires.  Id.  In addition, the Court explained that its prior decision in Padilla
11  rejected the argument that "a knowing and voluntary plea supersedes errors by defense counsel."
12  Id. at *13.  Because a knowing and voluntary plea does not supersede errors by defense counsel
13  made during the plea negotiation process, see id., the Magistrate Judge erred in holding that
14  Petitioner's Sixth Amendment claim was barred by Tollett.
15        Petitioner's allegations that his original defense counsel failed to communicate Petitioner's
16  acceptance of the six-year plea offer, if true, are sufficient to establish that his counsel's
17  performance was deficient, satisfying the first part of the Strickland test.  See Frye, 2012 U.S.
18  LEXIS 2321, at *20.  However, Petitioner must still satisfy the second part of the test and show
19  that this deficient performance prejudiced the defense.  See Strickland, 466 U.S. at 687.  "To show
20  prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected
21  because of counsel's deficient performance, defendants must demonstrate a reasonable probability
22  they would have accepted the earlier plea offer had they been afforded effective assistance of
23  counsel.  Defendants must also demonstrate a reasonable probability the plea would have been
24  entered without the prosecution canceling it or the trial court refusing to accept it, if they had the
25  authority to exercise that discretion under state law."  Frye, 2012 U.S. LEXIS 2321, at *23-24.
26        The state appellate court noted that Petitioner had failed to establish in state court that he
27  would have been sentenced under the six-year plea offer had his counsel communicated his
28  willingness to accept the offer because Petitioner had abandoned any effort to enforce such an

1  agreement when he withdrew his motion for enforcement and entered into the negotiated plea.
2  [Lodgement 8.]  The Magistrate Judge correctly concluded, therefore, the state court did not have
3  facts before it demonstrating that the Strickland prejudice standard had been satisfied, and the state
4  court's denial of Petitioner's Sixth Amendment claim did not involve an objectively unreasonable
5  application of the law.  [Doc. No. 15 at 21.]  See Frye, 2012 U.S. LEXIS 2321, at *23-24.
6  Accordingly, although the Magistrate Judge erred in concluding that Petitioner's claim was barred
7  by Tollet, the Magistrate Judge still correctly concluded that the state court denial of Petitioner's
8  claim did not involve an objective unreasonable application of Supreme Court law.

9  Petitioner also argues that the Magistrate Judge erred in finding that Petitioner's counsel
10 was effective.  [Doc. No. 22 at 1.]  However, a review of the Amended R & R shows that the
11 Magistrate Judge never made this conclusion.  The Magistrate Judge only concluded that
12 Petitioner had failed to show that the state court's adjudication of his Sixth Amendment claim
13 involved an unreasonable application of clearly established federal law because Petitioner failed to
14 establish that he was prejudiced by his counsel's allegedly deficient performance.  [Doc. No. 15 at
15 14-23.]  As explained above, the Court agrees with this conclusion.

16 Finally, Petitioner argues that the Magistrate Judge erred in determining that habeas relief
17 was barred by AEDPA.  [Doc. No. 22 at 1.]  However, because the Magistrate Judge correctly
18 determined that the state court's denial of Petitioner's ineffective assistance of counsel claim did
19 not involve an unreasonable application of clearly established federal law, Petitioner is not entitled
20 to federal habeas relief under AEDPA.  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S.
21 362, 403, 412-13 (2000).  Accordingly, the Court **DENIES** the Petition.

## III.    Evidentiary Hearing

Petitioner argues that the Magistrate Judge erred in concluding that the Court could not
hold an evidentiary hearing.  [Doc. No. 22 at 1-2.]  The Court disagrees.  The Magistrate Judge
correctly concluded that Petitioner is not entitled to an evidentiary hearing in this Court to
determine whether there existed an enforceable six year agreement, or whether there is a
reasonably probably that the trial court would have sentenced him under that deal, because he
abandoned his effort to develop the state court record when he withdrew his motion to enforce the

six-year plea offer and entered into the negotiated plea agreement.  See Baja v. Ducharme, 187 F.3d 1075, 1078-79 (9th Cir. 1999) (holding that petitioner had failed to develop a factual basis for his claim in state proceedings because he had the opportunity to come forward with affidavits and other evidence in support of his ineffective assistance of counsel claim but failed to do so); see also Williams v. Taylor, 529 U.S. 420, 435 (2000) (finding that diligence in developing the record in state court "depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court.").

Where a habeas petitioner has failed to develop a factual basis for his claim in the state court proceedings and requests the opportunity to do so in an evidentiary hearing before the district court, the petitioner must show that the claim relies on (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence and . . . the facts underlying the claim would . . . establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2254(e)(2); see Baja, 187 F.3d at 1079.  Petitioner cannot satisfy either of these provisions.  Accordingly, the Magistrate Judge did not err in concluding that the Court could not hold an evidentiary hearing, and the Court **DENIES** Petitioner's request for an evidentiary hearing.

## CONCLUSION

Based on the foregoing, the Court **ADOPTS IN PART** Magistrate Judge Major's well-reasoned Amended Report and Recommendation, and the Court **DENIES** the Petition.

The Court also denies a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

**DATED:** April 2, 2012

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**